**James E. COURTIN, Appellant,**

v.

**Llewellyn SHARP, IV, Appellee.**

No. 18223.

United States Court of Appeals
Fifth Circuit.

Nov. 9, 1960.

James E. Courtin, New Orleans, La., for appellant.

David C. Treen, New Orleans, La., for appellee.

Before RIVES, Chief Judge, and CAMERON and BROWN, Circuit Judges.

PER CURIAM.

The petition for rehearing in the above-styled and numbered cause, 280 F. 2d 345, which affirmed D.C., 176 F.Supp. 1, is hereby

Denied.

CAMERON, Circuit Judge (dissenting).

The doubts which I entertained at the time I concurred in the result announced in the original opinion have, under the petition for rehearing, ripened into a conviction that the judgment of the lower court should be reversed and judgment rendered in favor of appellant Courtin.

I agree that the case presents only a question of law. As is true with respect to all written contracts, the parties in advance thereof agree either orally, or in writing, or both, upon the terms which will go into the written contract. That is what happened here. Sharp himself wanted the oral negotiations to be put into writing because a part of the money was not then to be paid by Courtin. Sharp's lawyer, therefore, drew up a contract in which, as a matter of law, all prior negotiations were merged. It is clear to me that the written contract into which the parties had agreed to merge everything which had passed between them could not, as a matter of law, become effective until each party had signed and delivered a copy of the written contract to the other.

This had not been done when the colt died. Courtin signed a copy of the contract and sent it to Sharp's lawyer. Sharp received it after the colt's death. There is testimony that Sharp had already signed a copy and delivered it to his lawyer. That could not, in my opinion, be construed as delivery to Courtin. As far as the record shows, no copy of the writing was ever delivered to Courtin. There was never a time, therefore, when Courtin could have enforced performance of the contract or recovered damages for its breach. A contract lacking in mutuality is not enforceable by either party.

Since these facts appear in the record without dispute, I think the contract is unenforceable for lack of mutuality. I think, moreover, that the statutes of fraud of both Kentucky and Louisiana require such a contract as this to be in writing, but I do not find it necessary to reach that question.

For the reasons stated, I respectfully dissent from the action of the Court in enforcing this contract.